## J. R. SHELOR vs. JOHH MASON, SR.

A homestead exemption cannot be allowed, under the Constitution of this State, as against a mortgagee claiming under a mortgage executed before the Constitution was adopted.

BEFORE ORR, J., AT OCONEE, JULY TERM, 1869.

Appeal from the Circuit decree in a bill for foreclosure of a mortgage of real estate.

On the 25th August, 1866, the defendant gave to the plaintiff a mortgage of a tract of land to secure the payment of a sealed note for $1,098, executed on the same day, and payable one day after date. The mortgage embraced the family homestead of the defendant, and it was claimed by the answer that the homestead was exempted from sale, to satisfy the mortgage debt, by Sec. 32, Art. II, of the Constitution of the State, and the Act passed 9th September, 1868.

His Honor the presiding Judge allowed the claim of the defendant, and made a decree for foreclosure, directing the Clerk of the Court to set off and assign to the defendant the family homestead, and lands appurtenant thereto, within the mortgaged premises, and to sell only the residue of the mortgaged premises.

The plaintiff appealed, and moved this Court to reverse the Circuit decree, on the grounds, *inter alia:*

1. That if the provisions of the Constitution, in reference to homestead exemptions and the Act passed in pursuance thereof, are so construed as to allow the claim of a homestead in premises mortgaged previous to the adoption of the Constitution, they will impair the obligation of such contracts, conflict with Art. I, Sec. 10, of the Constitution of the United States, and be null and void.

2. That such a construction of said provisions would conflict with Sec. 21, Art. I, of the State Constitution.

*Whitner, Trescot,* for appellant.

*Brown,* contra.

Nov. 30, 1870. The opinion of the Court was delivered by

WILLARD, A. J. This appeal involves the question whether a homestead exemption can be allowed, under the Constitution of this State, as against a mortgagee claiming under a mortgage made and executed prior to the adoption of the Constitution. If this

question is determined in the negative, it disposes of all questions in the case.

We have fully considered the general question of the bearing of the homestead provisions on antecedent debts, in the case of *Kennedy* (ante, p. 216.) The present question is clearly distinguishable from the one there decided.

It is the right of the mortgagee, in default of payment by the mortgagor, according to the terms of the mortgage, to have the whole mortgaged premises, or so much thereof as may be necessary for such purpose, sold, and the proceeds applied to the satisfaction of the mortgage.—*Bronson* vs. *Kinzie*, 1 How., 311, 318. This right constitutes, in part, the obligation of the contract expressed by the mortgage. The principle of the exemption laws is inapplicable to such a case, as the interest created by the mortgage is specific, while, from its nature, such exemption can only be brought into discussion when the remedy goes against the whole property of the debtor.

If the provisions of the Constitution were to receive such a construction as to extend to the case of a sale under an antecedent. mortgage, they would not only be brought in conflict with the Constitution of the United States, but would be found equally out of accord with the principles of Art. I, Sec. 21, of the State Constitution, which provides as follows: "No bill of attainder, *ex post facto* law, nor any law impairing the obligation of contracts, shall ever be enacted."

The homestead exemption provisions of the Constitution ought to be construed with Art. I, Sec. 21, as they constitute parts of the same instrument. Such a construction leads to the conclusion that the terms "attachment, levy or sale on any mesne or final process issued from any Court," employed in Sec. 32, Art. II, do not include a sale for the satisfaction of a mortgage made and executed prior to the date of the adoption of the Constitution.

It is ordered, adjudged and decreed that as to so much of the decree of the Circuit Court, in the above entitled cause, as adjudges that John Mason, Sr., is entitled to have set off to him, as such, and assigned, a homestead within the mortgaged premises, and as orders, adjudges and decrees that the Clerk of the Court of Common Pleas for Oconce County do, on or before the day of sale therein ordered, set off and assign to John Mason, Sr., the family homestead, and lands appurtenant thereto, within the mortgaged premises, pursuant to the provisions of the Act of the General Assembly entitled

"An Act to determine and perpetuate the homestead," passed the 9th September, 1868, and also as reserves from sale, under said decree, such set off and assigned homestead for the defendant, the said decree of the Circuit Court be, in all things, reversed.

And it is further ordered, adjudged and decreed that the whole mortgaged premises, or so much thereof as shall be necessary, be sold, under said decree, according to the terms thereof, and that said decree, in all other respects, be confirmed.

*Moses,* C. J., and *Wright,* A. J., concurred.